**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Arvin Ratanavongse (SBN 257619)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St. Suite 780,**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**aratanavongsess@toddflaw.com**

*Attorneys for Plaintiff,*
*Landon Robinson*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON ROBINSON, individually, and on behalf of other members of the general public similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| vs. | (1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*); and |
| AT&T CORP., and DOES 1-10, inclusive, | (2) Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*) |
| Defendant. | |
| | **Jury Trial Demanded** |

Plaintiff Landon Robinson ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendant AT&T Corp. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising the quantity of IPhone SE cellular telephones it has available in stock and that the total price of a tablet was $0.99, upon the fourteen (14) "risk free" purchase of IPhone SE and commitment two-year service contract, when in fact the purchase was not "risk free" and the total price was much higher, including fees and charges misrepresented and/or omitted by Defendant and to redress for a nationwide class of consumers ("Class Members") who purchased an IPhone SE and/or tablet with two-year service plan from Defendant as part of their $0.99 tablet promotion, but were charged more than $0.99 for a tablet, including activation, interest, service and late fees they did not owe, within the applicable statute of limitations period, by Defendant (hereinafter collectively referred to as the "Class Products").

2.     Defendant is a corporation with principal place of business in New Jersey and state of incorporation in New York and is engaged in the sale and distribution of communication and media devices, internet, television, and telephone services, including cellular telephone service.

3.     Defendant represented that: (1) purchased IPhone SEs "were available to be shipped right away;" and (2) upon purchase of an I-Phone SE and commitment two-year service contract, consumers would receive a tablet for $0.99 and "risk free" for fourteen (14) days, when in fact it did not have the quantities of IPhone SEs it represented on hand to satisfy reasonably expectable demands, the Class Products cost more with the added fees and charges that Defendant misrepresented and/or omitted entirely, and the purchase of the tablets were not "risk free" as consumers were charged restocking, activation, an/or taxes for goods

and services they may or may not have received.

4. Plaintiff and others similarly situated purchased these tablets from Defendant.

5. Defendant misrepresented, omitted and falsely advertised to Plaintiff and other similarly situated that it had Class Products "were available to be shipped right away," when in fact Defendant did not have sufficient quantities on hand to satisfy reasonably expectable demands.

6. Defendant misrepresented, omitted and falsely advertised to Plaintiff and other similarly situated that the tablets as part of the Class Product would cost $0.99 with the purchase of an I-Phone SE and commitment two-year service contract, when in fact the total cost for the tablet was much higher than Defendant represented to them.

7. Defendant misrepresented, omitted and falsely advertised to Plaintiff and other similarly situated that the purchase of Class Products would be "risk free" for fourteen (14) days, but in fact were not "risk free" as consumers were charged restocking, activation, an/or taxes for goods and services they may or may not have received, even after return the Class Product within fourteen (14) days.

8. Defendant's misrepresentations and/or omissions to Plaintiff and others similarly situated caused them purchase these Class Products, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations and/or omissions by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

9. Consumers purchased IPhone SEs and tablets advertised as being available for immediate shipping and with a total purchase price of $0.99 for the tablet, with the purchase of an I-Phone SE and commitment two-year service contract, minus state and local taxes.

10. Consumers rely on the representations and advertisements of retailers in order to know which cellular telephones and tablets to purchase based on availability and cost. With the abundance of cellular telephones and tablets on the market, including retailers who sell such products and services for them, having the latest technology and product cost is a key factor influencing purchasing habits in most consumers.

11. Consumers desire the latest technology and features when it comes to electronic devices, especially cellular telephones, and are willing to pay a premium price to receive the latest offerings sooner and earlier to anyone willing and able to provide it.

12. Price and features are important and material to consumers at the time they sign up for services with a particular cellular service provider, as consumers are sensitive to the costs they pay for these utility services, compared to what they could purchase from a competitor service provider.

13. Defendant is engaged in the manufacture, marketing, supplying, and distributing of cellular telephone and internet products and services that are accompanied by deceptive advertising and billing practices that are not disclosed at the time consumers purchase goods and/or sign up for services.

14. When consumers purchase goods and sign up for services with an internet and telephone service provider, they reasonably believe that they will be billed in a transparent manner and will not be overbilled at the time they agree to initiate a relationship with the service provider.

15. Defendant profits from the sale of the cellular telephones, tablets and associated services. With deceptive advertising and billing practices, many of the consumers would not have purchased or attempted to purchase these cellular telephones, tablets and/or service services, or would have chosen to purchase goods and/or services from a competitor.

16.    In Plaintiff's case, Defendant expressly represented that: (1) it had the IPhone SE in stock and would be shipped right away to Plaintiff upon purchase; and (2) Plaintiff could purchase the Subject Tablet for $0.99, risk free, and return it for a full refund within fourteen (14) days to a store without having to pay restocking fees or taxes.

17.    Defendant misrepresented and/or omitted the actual stock of Class Products on hand.

18.    Defendant misrepresented and/or omitted that the total cost of each tablet exceeded the $0.99 advertised, in order to deceive consumers into paying more than they agreed to for the same product and service.

19.    Defendant misrepresented that purchase the Tablet for $0.99 would risk free and could be return for a full refund within fourteen (14) days to a store without having to pay restocking fees or taxes.

20.    Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception that is at issue in this case.

21.    Defendant makes written and oral representation to consumers which contradict the actual quality and availability of the Class Products that will be used by the Defendant after the consumer purchases the Class Products.

22.    The aforementioned written and oral representations are objectively false, and constitute a false advertisement under Cal. Civ. Code §§ 1750 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

23.    Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the Class Products to consumers in California and nationwide.

24.    On behalf of the class and subclass, Plaintiff seeks an injunction

requiring Defendant to cease advertising and selling the Class Products and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

25.    This class action is brought pursuant to Federal Rule of Civil Procedure 23. All claims in this matter arise exclusively under California law.

26.    This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the I-Phone SE and tablet from Defendant's store located in Palmdale, California. Defendant does business in the Central District of California. A substantial portion of the events giving rise to Defendant's liability took place in this district.

27.    There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

28.    In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

29.    Plaintiff Landon Robinson is a citizen and resident of the State of Hawaii, County of Honolulu.

30.    Defendant AT&T CORP. (hereinafter, "Defendant") is a corporation

company with its principle place of business located and headquartered in New Jersey. Defendant's State of Incorporation is in New York.

31.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its principle place of business in California, and were disseminated from California, nationwide.

32.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

33.    Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales or products and services, and the allegedly unlawful acts originated, which is California.

34.    At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

35.    In or around May of 2016, Plaintiff saw and/or received in the mail

Defendant's advertisement, advertising the sale of in-stock IPhone SEs, which were available to be shipped right away ("Ad"). As a result of Defendant's Ad, Plaintiff decided to purchase the IPhone SE and spoke to Defendant's agent, who assured Plaintiff that the IPhone SE was in stock and would be shipped right away to Plaintiff upon purchase.

36.    Additionally, Defendant's agent represented to Plaintiff, that as part of the promotion for the sale of the IPhone SE, Defendant was offering a tablet for $0.99 upon a commitment to a two-year service contract, risk-free for fourteen (14) days ("Subject" or "Class" Tablet), that if Plaintiff was unsatisfied with the Subject Tablet for any reason, he could return it to any physical store for a full refund, or send it in for a full refund, but he would have to pay for the shipping and handling. In reliance on Defendant's Ad and the representations made by Defendant's agent, Plaintiff agreed to purchase from Defendant's agent, an IPhone SE for $399.99 and Subject Tablet for $0.99, and committed to a two-year service contract ("Agreement"). Plaintiff purchased the Subject Tablet because of the assurance that he could return the Subject Tablet for a full refund within fourteen (14) days if dissatisfied for any reason.

37.    Plaintiff received the Subject Tablet almost immediately after the Agreement was executed, but did not receive the IPhone SE.

38.    Twelve (12) days after he completed the purchase, Plaintiff was informed by Defendant that the IPhone SE was not in-stock and that it would not be in-stock for approximately sixty (60) days.

39.    Disappointed in Defendant's Ad and agent's misrepresentation regarding the quantity of Defendant's stock of IPhone SEs, Plaintiff called the next day to cancel his order and return the Subject Tablet within the 14 days to cancel the Agreement and receive a complete refund on any monies paid. Plaintiff was again told by Defendant's agent over the telephone, that if he returned the Subject

1    Tablet to anyone of Defendant's physical stores, he would not be charged for

2    shipping, tax, nor a restocking fee.

3        40.    The next day, Plaintiff went to one of Defendant's physical stores and

4    attempted to return the Subject Tablet. However, he was informed by Defendant's

5    agent at the store that he would have to pay a restocking fee. Plaintiff refused,

6    explained to Defendant's agent at the store what he had been previously promised,

7    and demanded that he be allowed to call Defendant's Customer Service from the

8    store.

9        41.    Upon calling Defendant's Customer Service line from the store,

10    Defendant's agent on the telephone agreed to waive the restocking fee in exchange

11    for Plaintiff's payment of the applicable taxes. Feeling ripped off, Plaintiff felt he

12    had no choice but to agree to the payment he was previously promised he would

13    not have to make. Plaintiff made the payment of taxes begrudgingly and the

14    Subject Tablet was taken by Defendant's agent at the store.

15        42.    However, Defendant never gave Plaintiff credit for the returned

16    Subject Tablet, and continued to charge Plaintiff for the Subject Tablet, service

17    for the Subject Tablet, and activation fee for the IPhone SE he never received.

18        43.    Defendant expressly represented to Plaintiff, through written and oral

19    statements, that: (1) it had the IPhone SE in stock and would be shipped right away

20    to Plaintiff upon purchase; and (2) Plaintiff could purchase the Subject Tablet for

21    $0.99 risk free, and return it for a full refund within fourteen (14) days to a store

22    without having to pay restocking fees and/or taxes.

23        44.    Such sales tactics rely on falsities and have a tendency to mislead and

24    deceive a reasonable consumer.

25        45.    Plaintiff alleges that such representations were part of a common

26    scheme to mislead consumers and incentivize them to purchase IPhones, tablets,

27    and commit to long-term service contracts in spite of the fact that Defendant did

28

not have the quantities of IPhone SEs it represented it had in stock, nor was purchase of the Subject Tablet and accompanying two-year service "risk free" for fourteen (14) days as Defendant had previously misrepresented.

46.    In purchasing the Class Products, Plaintiff relied upon Defendant's representations as to the quantity of the IPhone SEs on hand to satisfy reasonably expectable demands, and promised economic benefits of purchasing the Subject Tablet for $0.99 and two-year service contract risk free for fourteen (14) days.

47.    Not only were such representations clearly false because Defendant did not have the quantity of IPhone SEs it represented as having on hand to ship right away, but the purchase of the Subject Tablet and accompanying two-year service for fourteen (14) days was not risk free, as Plaintiff was forced to pay taxes, and has been charged for the Subject Tablet, restocking fee, activation fee, and service since returning the Subject Tablet within fourteen (14) days from purchase.

48.    Plaintiff would not have purchased the Class Products if he knew that the above-referenced statements made by Defendant were false.

49.    Had Defendant properly marketed, advertised, and represented the Class Products as not having sufficient quantities to satisfy reasonably expectable demands, and/or the real costs and benefits of the Class Products, Plaintiff would not have purchased the IPhone SE nor Subject Table and accompanying service plan.

50.    Plaintiff gave his money to Defendant because of the promise availability, and cost and benefits of the Class Products. Defendant benefited from falsely advertising such qualities and quantities. Plaintiff received nothing for giving his money to Defendant for Class Products did not have the quality or quantity Defendant promised. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

CLASS ACTION COMPLAINT

51.    Had Defendant properly marketed, advertised, and represented the Class Products as limited in quantity or at their actual cost and quality, no reasonable consumer who purchased IPhone SE would expect to receive it "right away", nor believe that the purchase of the tablet and accompanying service plan was actually "risk free" as Defendant promised.

## CLASS ACTION ALLEGATIONS

52.    Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

53.    The class Plaintiff seeks to represent the Class and Subclass as defined as follows:

Class

All consumers, who, between the applicable statute of limitations and the present, purchased one or more Class Products, and who never received or received said goods/services after other than what was advertised or represented by Defendant.

Subclass

All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase one or more Class Products, and who were charged excessively for said goods/services other than as advertised or represented by Defendant.

54.    As used herein, the term "Class Members" shall mean and refer to the members of the Class and Subclass described above.

55.    Excluded from the Class and Subclass are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

56.    Plaintiff reserves the right to amend the Class and Subclass, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

57.    Upon information and belief, the proposed Class and Subclass is

CLASS ACTION COMPLAINT

composed of thousands of persons. The members of the Class and Subclass are so numerous that joinder of all members would be unfeasible and impractical.

58.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class Members and Defendant.

59.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that the services would be provided for Class Members', when in fact, such representations were false.

60.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling the Class Products to Plaintiff and other Class Members;

(b)    Whether Defendant made misrepresentations with respect to the quantity, cost, or quality of Class Products to consumers;

(c)    Whether Defendant profited from the sale of the goods and services;

(d)    Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., and California Civ. Code § 1750, *et seq*.;

(e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g)    The method of calculation and extent of damages for Plaintiff and Class Members.

61.    Plaintiff is a member of the class and subclass he seeks to represent

62.    The claims of Plaintiff are not only typical of all class members, they

are identical.

63.    All claims of Plaintiff and the class are based on the exact same legal theories.

64.    Plaintiff has no interest antagonistic to, or in conflict with, the class or subclass.

65.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff relied upon Defendant's advertisements and representations and purchased the Class Products from Defendant during the Class Period.    Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.    Plaintiff's claims are typical of all Class Members as demonstrated herein.

66.    Plaintiff will thoroughly and adequately protect the interests of the class and subclass, having retained qualified and competent legal counsel to represent himself and the class.

67.    Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

68.    Plaintiff incorporates by reference each allegation set forth above.

69.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial

injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

70. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

71. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

72. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class and Subclass. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described IPhones, tablets, and services thereto, i.e., Class Products. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class and Subclass.

73. Moreover, Defendant's conduct as alleged herein solely benefits

Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class and Subclass that Defendant had sufficient quantity of Class Product on hand to satisfy reasonable consumer demand, the purchase of the Class Tablet would only be $0.99, and the purchase of the Subject Tablet and accompanying two-year service for fourteen (14) days was risk free, in order to induce them to spend money. In fact, knowing that the above was false, Defendant unfairly profited in that Defendant knew that the Class Products were not in the quantity or quality it represented. Thus, the injury suffered by Plaintiff and the members of the Class and Subclass is not outweighed by any countervailing benefits to consumers.

74.    Finally, the injury suffered by Plaintiff and members of the Class and Subclass is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented the availability, cost, and quality of the Class Products, these consumers suffered injury in fact due to Defendant's sale of the Class Products to them, including charging restocking, activation, taxes and service fees Defendant misrepresented and/or omitted. Defendant failed to take reasonable steps to inform Plaintiff and Class Members of the insufficient stock it had on hand to satisfy reasonable consumer demand, the actual price of the tablets and accompanying service, and/or including misrepresenting that the tablets could be returned within fourteen (14) days for a full refund. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase Class Products Defendant did not have available, and for prices and terms higher to and different from what Defendant advertised and/or represented. Therefore, the injury suffered by Plaintiff and members of the Class and Subclass is not an injury which these consumers could reasonably have avoided.

75.    Thus, Defendant's conduct has violated the "unfair" prong of

CLASS ACTION COMPLAINT

California Business & Professions Code § 17200.

**FRAUDULENT**

76.    California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

77.    The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

78.    Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff paid for a Class Product Defendant did not have in stock, and paid higher prices for lower quality goods and services other than what was advertised and/or represented.  Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

79.    As explained above, Defendant deceived Plaintiff and other Class Members by representing falsely represented the availability, cost, and quality of the goods and services sold.

80.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

81.    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

82.    As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest, falsely representing that: (1) it had the IPhone SE in stock and would be shipped right away to Plaintiff upon purchase; and (2) Plaintiff could purchase the Class Tablet for $0.99 risk free, and return it for a full refund within fourteen (14) days to a store without having to pay restocking fees or taxes.

83.    Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase and pay for goods it did not have in stock, pay higher prices for goods and services of a lower quality than what was advertised and represented, in violation of California Civil Code Section 1750, et seq.  Had Defendant not falsely advertised, marketed or misrepresented the availability, cost and quality of the Class Products, Plaintiff and Class Members would not have purchased the Class Products from Defendant and/or paid the higher price for the lower quality goods and services. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

84.    These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

85.    Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq.*)

86.    Plaintiffs incorporate by reference each allegation set forth above herein.

87.    Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or he does not have. Cal. Civ. Code § 1770(5);

    b.    Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

    c.    Advertising goods or services with intent not to supply reasonably expectable demand, unless the advertisement discloses a limitation of quantity; Cal. Civ. Code §1770(10); and

    d.    Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.; Cal. Civ. Code §1770(17).

88.    Currently, pursuant to California Civil Code 1782(d), with respect only to Plaintiff's CLRA claim, Plaintiff only seeks equitable and injunctive relief through the CLRA and not actual damages via the CLRA.  Upon Defendant's failure to rectify or agree to adequately rectify the problems associated with the actions detailed above, Plaintiff will amend his complaint to additionally seek damages, restitutionary relief, punitive damages, attorneys' fees and costs, and any other relief available under section 1780(a) of the CRLA.

**MISCELLANEOUS**

89.    Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

**REQUEST FOR JURY TRIAL**

90.    Plaintiff requests a trial by jury as to all claims so triable.

**PRAYER FOR RELIEF**

91.    Plaintiff, on behalf of himself and the Class, requests the following relief:

    (a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b)    An order certifying the undersigned counsel as Class Counsel;

    (c)    An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d)    An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

    (e)    Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from purchase of the Class Products and the charging fees and taxes theretor, during the relevant class period;

    (f)    Punitive damages, as allowable, in an amount determined by the Court or jury;

    (g)    Any and all statutory enhanced damages;

    (h)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

    (i)    Pre- and post-judgment interest; and

1    (j)    All other relief, general or special, legal and equitable, to which

2        Plaintiff and Class Members may be justly entitled as deemed

3        by the Court.

4

5  Dated:  February 2, 2018          Respectfully submitted,

6                                 LAW OFFICES OF TODD M. FRIEDMAN , PC

7

8                               By: /s Todd. M. Friedman

9                                   TODD M. FRIEDMAN, ESQ.

10                                  Attorney for Plaintiff Landon Robinson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT